UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CR-300-G |
| ERIC LAMONT FORD, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the motions of the defendant, Eric Lamont Ford ("the defendant" or "Ford"), to dismiss the indictment and to suppress evidence. For the reasons set forth below, the motions are denied.

I. The Motions to Dismiss the Indictment

The defendant is charged with three counts in the indictment. Count One charges Ford with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* Indictment at 1. Count Two charges Ford with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) by knowingly

possessing marijuana with the intent to distribute it. *Id.* at 2. Count Three charges him with violating 18 U.S.C. § 924(c)(1)(A) by knowingly possessing a firearm in furtherance of the commission of a drug trafficking crime. *Id.* at 3.

The defendant argues that counts one and three of the indictment should be dismissed because the defendant "disputes his location in relation to the Couch" on which the marijuana and firearm were discovered and because he did not actively employ the firearm. *See* Motion to Dismiss Counts One and Three of Indictment by Defendant Eric Lamont Ford and Brief at 2. The defendant does not contend that the indictment does not sufficiently apprise him of the criminal conduct with which he is charged or that it is insufficient to invoke the constitution's protection against double jeopardy. Accordingly, he has not provided a basis for dismissing the indictment.

Federal Rule of Criminal Procedure 7(c) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it contains the elements of the offense, informs the defendant of the charge he must be prepared to meet, and enables the accused to plead acquittal or conviction as a bar to future prosecutions. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991); *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). The indictment against Ford meets this

standard. Therefore, the defendant's motion to dismiss counts one and three of the indictment is denied.

The defendant has also moved to dismiss the entire indictment because "[m]ore than 70 days have elapsed since Defendant's initial appearance, in which he plead [sic] 'not guilty' to the charges, which occurred on December 21, 2006." Motion to Dismiss Indictment By Defendant Eric Lamont Ford, and Brief at 1. The defendant fails to note, however, that the court has twice continued this case on defense counsel's motion. First, on February 1, 2007, the court granted the defendant's motion for a two-month continuance filed on January 31, 2007, resetting the case for the court's four-week docket beginning April 2, 2007. *See* Docket Entries ## 14 and 15. Then, on April 10, 2007, the court granted the defendant's motion for a continuance filed on March 23, 2007, resetting the case for the court's four-week docket beginning June 4, 2007. *See* Docket Entries ## 20 and 23. The court's orders granting those motions were both premised on findings that counsel for the defendant would not have enough time to prepare to effectively represent the defendant if the continuances were not granted. *See* Docket Entries ## 15 and 23. Similarly, both orders noted that "the ends of justice served by the granting of a continuance of the trial date outweigh the best interest of the public and the defendant in speedy trial." *Id.* Accordingly, the delay resulting from the filing of the

motions and as a consequence of their being granted is excluded under subsections (h)(1)(F) and (h)(8)(A) of 18 U.S.C. § 3161.

In addition, Ford filed a *pro se* motion to dismiss the indictment on March 19, 2007, which was denied by this court on April 11, 2007.  *See* Docket Entries ## 17 and 27.  Consequently, no time has passed on the speedy trial clock during that time.  Therefore, every day from January 31, 2007 -- the date the defendant filed his first motion for continuance -- to June 4, 2007 -- the date the defendant's second continuance expires -- will be excluded from the seventy-day period established in § 3161(c)(1).  *See* 18 U.S.C. § 3161(h)(1)(F), (h)(8)(A); *United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

The speedy trial clock began running in this case on the day the defendant made his initial appearance before Magistrate Judge Ramirez on December 22, 2006.  *See* 18 U.S.C. § 3161(c)(1).  Forty days passed before the clock stopped running on January 31, 2007.  See *Westbrook*, 119 F.3d at 1186.  Because no time has run from the clock since January 31, 2007, the defendant's right to a speedy trial has not been violated.

## II.  The Motion to Suppress

The defendant also argues that the evidence obtained by police when he was arrested should be suppressed.  First, Ford points out that the warrant the police were executing when they found and arrested him authorized them to arrest another man

but not the defendant. *See* Defendant Ford's Motion to Suppress Evidence, and Brief ("Motion to Suppress") at 1-2. Thus, the officer's affidavit upon which the warrant was predicated did not provide probable cause for arresting the defendant. *See* Defendant's Exhibit A, Rangel Affidavit ¶ 3. The government responds by noting that the police discovered Ford in a house when they were executing a valid search warrant. Government's Response to Defendant's Motion to Suppress Evidence ("Response to Motion to Suppress") at 2. When the officers found him, Ford was sitting on a couch next to a gun and a clear plastic bag that contained marijuana. *Id.* These circumstances provided probable cause for the officers to arrest Ford; thus, a warrant for his arrest was not necessary.

Next, the defendant alleges the search warrant was not supported by probable cause and that the exclusionary rule should apply to bar admission of the evidence in this case. *See* Motion to Suppress at 2-3. The defendant fails, however, to address whether the good faith exception to the exclusionary rule applies to the instant case. In *Arizona v. Evans*, 514 U.S. 1, 12-14 (1995), the Supreme Court noted that the exclusionary rule does not apply to every violation of the Fourth Amendment.[*] The

---

[*] The Court said:

> In *Whiteley [v. Warden Wyoming State Penitentiary*, 401 U.S. 560 (1971)]*, the Court treated identification of a Fourth Amendment violation as synonymous with application of the exclusionary rule to evidence secured

(continued...)

court held, "exclusion is appropriate only if the remedial objectives of the [exclusionary] rule are thought most efficaciously served." *Id.* at 13-14.

The primary objective of the exclusionary rule is to deter misconduct by law enforcement. See *United States v. Leon*, 468 U.S. 897, 916 (1984). Consequently, the rule should not be applied where it would "deter objectively reasonable law enforcement activity." *Id.* at 919. In the present case, the court finds that it was reasonable for the police to rely on the warrant issued by the magistrate such that the good faith exception to the exclusionary rule would apply to the warrant even if it was improperly issued. Therefore, the court need not reach the merits of the defendant's claim that the warrant was not supported by probable cause. *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004).

Finally, the defendant contends that the court should suppress any "written or verbal statements from the Defendant" because Ford did not waive his *Miranda* rights. Motion to Suppress at 3. Ford admits that he is not sure whether any such

---

*(...continued)
        incident to that violation. Subsequent case law has rejected this reflexive application of the exclusionary rule. These later cases have emphasized that the issue of exclusion is separate from whether the Fourth Amendment has been violated, and exclusion is appropriate only if the remedial objectives of the rule are thought most efficaciously served.

*Arizona v. Evans*, 514 U.S. 1, 13-14 (1995) (citations omitted).

statements exist and notes that he has filed a separate motion in limine seeking to suppress any that do. *Id.* The court will refrain from ruling on the admissibility of those statements, if any, until the final pretrial conference. At that time, the court will hear from the parties on the defendant's motion in limine and make a decision regarding the admissibility of any statements the defendant has made.

## III.  CONCLUSION

For the reasons stated above, the defendant's motions to dismiss the indictment are **DENIED**, and the portion of the defendant's motion to suppress regarding the evidence police obtained from searching the premises located at 1430 S. Ewing Avenue is also **DENIED**. The portion of the defendant's motion to suppress his own statements will be addressed at the pretrial conference together with the defendant's motion in limine, in which Ford requests the same relief as in this motion.

**SO ORDERED**.

May 22, 2007.

                                                                                                                    A. JOE FISH
                                                                                                                     CHIEF JUDGE